UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KARAN EARLES<br>7216 Dockside Lane<br>Columbia, MD 21045,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON PILOT FINANCIAL<br>INSURANCE COMPANY<br>8801 Indian Hills Drive<br>Omaha, NE 68114-4066<br><br>    SERVE:  Ralph S. Tyler<br>                Commissioner<br>                Maryland Insurance Adm.<br>                200 St. Paul Place, Ste. 2700<br>                Baltimore, MD 21202,<br><br>    and<br><br>THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY<br>8801 Indian Hills Drive<br>Omaha, NE 68114-4063<br><br>    SERVE:  Ralph S. Tyler<br>                Commissioner<br>                Maryland Insurance Adm.<br>                200 St. Paul Place, Ste. 2700<br>                Baltimore, MD 21202,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.: _____ |

## COMPLAINT

**(ERISA; Breach of Fiduciary Duty; Claim For
Disability Benefits; Declaratory Relief; Injunctive Relief)**

1.     Plaintiff, **KARAN EARLES**, is an adult resident and citizen of the State of

Maryland, who, at the time she became disabled as hereafter set forth, was employed in a sales

capacity as a PNT Specialist with Vertis Neuroscience, a division of International Rehabilitative Services, Inc. d/b/a RS Medical ("Employer").

2.   Defendant, **JEFFERSON PILOT FINANCIAL INSURANCE COMPANY,** ("Jefferson") is an insurance carrier having its principal place of business in Omaha, Nebraska, and is authorized to do business and is carrying out business in the State of Maryland. Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** ("Lincoln"), is an insurance carrier having its principal place of business in Omaha, Nebraska, and is authorized to do business and is carrying out business in the State of Maryland. Upon information and belief, Lincoln is the successor in interest to Jefferson and has assumed the obligations of Jefferson in regards to the disability insurance policies issued by Jefferson to Plaintiff's employer. Jefferson and Lincoln are collectively referred to herein as "Defendant" or "Defendants." At all times relevant hereto, Defendant had issued a Group Disability Policy (the "Plan") to the Employer which provided benefits to Employer's employees, including the Plaintiff. Defendant is a "fiduciary" within the meaning of 29 U.S.C. §1002(21)(A) of the Employee Retirement Income Security Act of 1974, as amended, (ERISA), and as such is required to administer the Plan solely for the benefit of participants and in accordance with the provisions of the governing plan documents. (29 U.S.C. §1104(a)(1)).

3.   The Plan issued by the Defendants is an "employee benefit plan" as defined by 29 U.S.C. §1002(3) of ERISA.

4.   The Plan issued by the Defendant is a fully insured employee benefit plan established pursuant to 29 U.S.C. §1102 of ERISA.

5.   The Plaintiff brings this action under 29 U.S.C. § §1132(a)(1)(B) and (a)(3) to

recover employee benefits due to her under the terms of the Plan and to enforce her rights to recover such benefits under ERISA.

6.      This Court has jurisdiction over the issues raised herein pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 (Federal Question).

7.      Venue is appropriate under 29 U.S.C. §1132(e)(2) in that the Plan is administered in the State of Maryland and Plaintiff is a resident of the State of Maryland.

## **FACTUAL BASIS FOR RELIEF**

8.      Plaintiff was a PNT Specialist serving in a sales capacity in the employ of Employer.

9.      Subsequent to the time Plaintiff began her employment with Employer, Plaintiff became eligible to participate in a number of employee benefit plans provided by her Employer, including a Group Disability Plan. The Group Disability Plan included policies for short term disability and long term disability. The Plan was funded through a Group Disability Policy issued by Jefferson to the Employer. A copy of the Plan is attached to this Complaint as Exhibit A, and is incorporated herein.

10.     Prior to the date Plaintiff ceased working due to her disability, while Plaintiff was a participant in the Plan, Plaintiff sustained a "Sickness", as defined by the Plan, and began suffering from multiple physical and cognitive symptoms which have prevented her from performing the duties of any part of her regular occupation with Employer.

11.     The above referenced multiple physical and cognitive symptoms have subsequently been diagnosed as Fibromyalgia, Chronic Fatigue Syndrome and Neuropathic Pain. These symptoms included pain in the joints and muscles, substantial low back pain and lower extremity

pain, pain in the right upper extremity, sleep problems, post-exertional malaise, extreme fatigue, cognitive dysfunction, impaired concentration, memory loss, word search, and other related symptoms.

12. On January 27, 2006, Plaintiff was forced to stop working full-time as a result of her severely disabling symptoms as described in the preceding paragraph. Subsequently, on or about February 12, 2006, Plaintiff was forced to stop working completely due to her severely disabling symptoms.

13. Prior to the time Plaintiff became disabled, her job had required both physical exertion and cognitive ability for the duration of her work day. Her job duties required her to sell medical equipment and also required her to perform various sales functions. Plaintiff performed her work duties both at home and traveling to various medical offices. She worked from home, making sales calls to different physician's offices to schedule meetings, demonstrations of medical equipment and lunches. She transported the medical equipment to the potential clients' offices, having to lift, carry and pull the medical equipment in a suitcase on wheels. The medical equipment weighed approximately 25 pounds and Plaintiff had to simultaneously carry her briefcase containing product literature and other documents, and food, dinnerware and utensils for lunches, where she would demonstrate the medical equipment to physicians. She was responsible for sales in the states of Maryland, Virginia and Delaware, thus driving substantial distances and time in her car. Subsequent to the onset of symptoms, she was unable to concentrate sufficiently duties of her employment as well as meet the physical demands thereof.

14. Plaintiff's symptoms have continued to the present time. She continues to have pain in the joints and muscles, extreme fatigue, cognitive dysfunction, impaired concentration, memory

loss, word search, and other related symptoms as noted above. She is, to date, unable to perform the duties of any part of her regular occupation with her Employer.

15. Plaintiff has been under the care of a number of treating physicians since before January 27, 2006.

16. On February 12, 2006, as a direct and proximate result of the physical and cognitive ailments described above, Plaintiff was forced to stop working due to her disability and Plaintiff became "Totally Disabled" as defined by the Plan. Plaintiff was forced to stop working full-time on January 27, 2006, as a direct and proximate result of her physical and cognitive ailments, and Plaintiff became "Partially Disabled" as defined by the Plan at that time.

17. Since the aforementioned dates, and continuing to date, as a direct and proximate result of the above described physical and cognitive ailments, Plaintiff has been Partially and Totally Disabled, as defined by the Plan. At all times since February 12, 2006, Plaintiff has been unable to perform the duties of any part of her regular occupation with Employer and has been entitled to Short Term Disability benefits pursuant to the Plan. Plaintiff has been found to be permanently and totally disabled from gainful employment by the United States Social Security Administration.

18. The Plan provides that the Defendant will pay a disability benefit when it determines that an insured is either Partially or Totally Disabled.

19. Defendant has received proof that Plaintiff was Partially Disabled and is Totally Disabled due to sickness or injury and is continuing to receive appropriate and regular care of a doctor.

20. Defendant has refused to pay disability benefits pursuant to the terms of the Plan.

21. Plaintiff has met any and all conditions precedent to entitlement to Disability Benefits pursuant to the terms of the Plan and to obtaining an award of Disability Benefits.

## TERMS OF THE PLAN

22. The Plan defines "Disability" to mean Total Disability or Partial Disability.

The Plan defines "Total Disability and "Partial Disability" as follows.

> **"Partial Disability" means that, due to Sickness or Injury, the Insured Person is:**
> 1) **unable to perform one or more of the main duties of his or her regular occupation; or**
> 2) **unable to perform such duties on a full-time basis; and is engaged in Partial Disability Employment.**
>
> **"Partial Disability Employment" means the Insured Person is working at his or her own or any other occupation; but, because of a Partial Disability, he or she:**
> 1) **is working reduced hours, is producing less, has one or more main job duties reassigned, or is in a lower-paid occupation; and**
> 2) **is earning at least 20% but not more than 99% of Basic Weekly Earnings.**
>
> **"Total Disability" means the Insured Person's inability, due to Sickness or Injury, to perform each of the main duties of his or her regular occupation. A person engaging in any employment for wage or profit is not Totally Disabled. The loss of a professional license, an occupational license or certification, or a driver's license for any reason does not, by itself, constitute a Total Disability.**

23. At all times between January 27, 2006, and February 11, 2006, Plaintiff was "Partially Disabled" under the terms of the Plan. At all times since February 12, 2006, Plaintiff has been "Totally Disabled" under the terms of the Plan.

24. Plaintiff was an employee in an eligible class prior to the effective date of the Jefferson Pilot Financial Insurance Company policy.

## **PLAINTIFF'S ADMINISTRATIVE CLAIM AND APPEALS**

25. Subsequent to ceasing work due to her disability, Plaintiff submitted notice of her disability to her employer and submitted a claim for Short Term Disability Benefits to Defendant based upon her disability.

26. On or about March 6, 2006, Defendant wrongfully denied Plaintiff's claim for Short Term Disability Benefits. The denial of benefits was without factual basis and contrary to the express terms of the Plan.

27. Subsequent to March 6, 2006, Plaintiff submitted a first level administrative appeal of the wrongful denial of her claim for Short Term Disability Benefits. On or about November 28, 2006, Defendant wrongfully denied her first level administrative appeal for Short Term Disability Benefits.

28. On or about October 1, 2007, Plaintiff submitted a second level administrative appeal containing additional information and documentation to support her claim for Short Term Disability Benefits. On or about December 21, 2007, Defendant wrongfully denied Plaintiff's second level administrative appeal. Defendant has wrongfully refused to pay and has not paid any benefits to the Plaintiff as a result of her partial and subsequent total disability.

29. Plaintiff has continued to treat with physicians for her ongoing disability. Subsequent to the denial of her second level administrative appeal, Plaintiff was diagnosed as suffering from one or more different medical conditions which she has been advised are the cause, in whole or part, of her Disability. As a result, Plaintiff intends to file another administrative appeal with Defendant requesting Defendant to consider this new medical evident. However, Plaintiff is forced to file her Complaint at the present time in order to toll the applicable statute of limitations.

## COUNT ONE
### (Breach Of Fiduciary Duty In Denial Of Benefits)

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of the Complaint as if fully stated herein.

31.     The Defendant has failed to properly interpret and administer the provisions of the plan as required by 29 U.S.C. §1104.

32.     The Defendant has denied Plaintiff benefits to which she is entitled under the Plan.

33.     At all times relevant herein, Defendant has acted under a conflict of interest and has placed its pecuniary interests before the interests of the Plaintiff in wrongfully denying Plaintiff's claims for Disability Benefits and in clear violation of the terms of the Plan.

34.     The above acts and/or omissions by the Defendant constitute a breach of its fiduciary duty to properly administer the Plan solely for the benefit of the participants and in accordance with the provisions of the governing plan documents as required by 29 U.S.C. §1104.

35.     As a direct and proximate result of the Defendant's breach of its fiduciary duties owing to the Plaintiff pursuant to the provisions of the Plan, the Plaintiff has been denied Disability Benefits to which she is entitled under the Plan and has been caused to sustain economic hardship and damages on a continuing basis. Plaintiff has further been denied long term disability benefits due to Defendant's improper denial of her claim for short term disability benefits since receipt of such benefits is a condition precedent to receipt of long term disability benefits.

36. Plaintiff is entitled to recover her benefits under the Plan and to an order enforcing the terms of the Plan pursuant to 29 U.S.C. §§1132(a)(1)(B) and (a)(3).

**WHEREFORE,** Plaintiff, **KARAN EARLES**, demands judgment from and against the Defendants, **JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**, jointly and severally, and requests the Court to:

(a) issue an injunction prohibiting Defendants from future breaches of its fiduciary duties under the terms of the Plan;

(b) declare that Plaintiff is entitled to Disability Benefits provided to her under the Plan and continuing until such time as Plaintiff's disability resolves or all benefits payable to the Plaintiff under the Plan have been fully paid;

(c) order the Defendants to make a full accounting of all Disability Benefits due to Plaintiff under the Plan, both past and future;

(d) order the Defendants to pay all past benefits due to Plaintiff under the Plan;

(e) order the Defendants to pay all future benefits due to Plaintiff under the Plan as such benefits became due and payable;

(f) order the Defendants to pay pre-judgment interest on all benefits which are presently due and owing to the Plaintiff at the legal prevailing rate;

(g) award post-judgment interest at the legal prevailing rate;

(h) award the Plaintiff attorneys' fees and costs incurred in bringing this action, to be paid by the Defendants, pursuant to 29 U.S.C. § 1132(g)(1); and

(i) award such further relief as this Court may deem just and proper.

## COUNT TWO
### (Complaint To Recover Benefits Under ERISA Plan)

37.     Plaintiff incorporates by reference paragraphs 1 through 36 of the Complaint as if fully stated herein.

38.     Plaintiff is entitled to Short Term Disability Benefits under the terms of the Plan.

39.     The Defendants have failed to pay to Plaintiff the Plan benefits to which she is entitled and has denied Plaintiff benefits to which she is entitled under the Plan.

40.     At all times relevant herein, Defendants have acted under a conflict of interest and have placed their pecuniary interests before the interests of the Plaintiff in wrongfully denying Plaintiff's Disability Benefits and is in clear violation of the terms of the Plan.

41.     As a direct and proximate result of the Defendants' breach of their duties owing to the Plaintiff pursuant to the provisions of the Plan, the Plaintiff has been denied Short Term Disability Benefits to which she is entitled under the Plan and has been caused to sustain economic hardship and damages on a continuing basis. Plaintiff has been further harmed by Defendants' wrongful denial of her claim for Short Term Disability benefits because an award of such benefits is a condition precedent to an award of long term disability benefits.

42.     Plaintiff is entitled to recover his benefits under the Plan and to an order declaring her right to benefits and to an order enforcing the terms of the Plan pursuant to 29 U.S.C. §§1132(a)(1)(B) and (a)(3).

**WHEREFORE,** Plaintiff, **KARAN EARLES**, demands judgment from and against the Defendants, **JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**, jointly and severally, and requests the Court to:

(a)     issue an injunction prohibiting Defendants from future breaches of its

fiduciary duties under the terms of the Plan;

(b) declare that Plaintiff is entitled to Disability Benefits provided to her under the Plan and continuing until such time as Plaintiff's disability resolves or all benefits payable to the Plaintiff under the Plan have been fully paid;

(c) order the Defendants to make a full accounting of all Disability Benefits due to Plaintiff under the Plan, both past and future;

(d) order the Defendants to pay all past benefits due to Plaintiff under the Plan;

(e) order the Defendants to pay all future benefits due to Plaintiff under the Plan as such benefits became due and payable;

(f) order the Defendants to pay pre-judgment interest on all benefits which are presently due and owing to the Plaintiff at the legal prevailing rate;

(g) award post-judgment interest at the legal prevailing rate;

(h) award the Plaintiff attorneys' fees and costs incurred in bringing this action, to be paid by the Defendants, pursuant to 29 U.S.C. § 1132(g)(1); and

(i) award such further relief as this Court may deem just and proper.

## COUNT THREE
### (Breach Of Fiduciary Duty/Wrongful Denial Of Benefits)

43. Plaintiff incorporates by reference paragraphs 1 though 42 of the Complaint as if fully stated herein.

44. Defendants have breached their fiduciary duties to Plaintiff, have failed to provide Plaintiff with a full and fair review on appeal, and have taken action upon Plaintiff's claim and appeal solely to protect their own self-interest and in breach of their fiduciary and other duties.

45. Plaintiff has been unable to perform the duties of any part of her regular occupation with Employer at all times since February 12, 2006. Prior to that date and beginning in January

2006, Plaintiff was unable to perform the duties of her regular occupation on a full-time basis.

46. Plaintiff is entitled to Disability Benefits.

**WHEREFORE,** Plaintiff, **KARAN EARLES**, demands judgment from and against the Defendants, **JEFFERSON PILOT FINANCIAL INSURANCE COMPANY and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**, jointly and severally, and requests the Court to:

(a) issue an injunction prohibiting Defendants from future breaches of its fiduciary duties under the terms of the Plan;

(b) declare that Plaintiff is entitled to Disability Benefits provided to her under the Plan and continuing until such time as Plaintiff's disability resolves or all benefits payable to the Plaintiff under the Plan have been fully paid;

(c) order the Defendants to make a full accounting of all Disability Benefits due to Plaintiff under the Plan, both past and future;

(d) order the Defendants to pay all past benefits due to Plaintiff under the Plan;

(e) order the Defendants to pay all future benefits due to Plaintiff under the Plan as such benefits became due and payable;

(f) order the Defendants to pay pre-judgment interest on all benefits which are presently due and owing to the Plaintiff at the legal prevailing rate;

(g) award post-judgment interest at the legal prevailing rate;

(h) award the Plaintiff attorneys' fees and costs incurred in bringing this action, to be paid by the Defendants, pursuant to 29 U.S.C. § 1132(g)(1); and

(i) award such further relief as this Court may deem just and proper.

Respectfully submitted,
McChesney & Dale, P.C.

By: _____
Charles F. Fuller, Esq.
Federal Bar# 05557
McChesney & Dale, P.C.
4000 Mitchellville Road, Ste. 222
Bowie, MD 20716
Ph (301) 805-6080
Fx (301) 805-6086
chuck@dalelaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Complaint was mailed, first class, postage prepaid, this 25$^h$ day of November 2009, to:

The Honorable Hilda Solis
Secretary of Labor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

The Honorable Timothy Geithner
Secretary of the Treasury
15th and Pennsylvania Avenue, N.W.
Washington, D.C. 20220

_____
CHARLES F. FULLER